UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                         'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Lashawn Marshall | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Matthew Pahl

Attorneys Present for Defendants:
Nichole Fandino
Alice Charkhehyan
Bessy Shi

Proceedings: **ZOOM HEARING RE:** DEFENDANT YOSHIHARU NOMURA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 47, filed on November 4, 2025)

PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT (Dkt. 50, filed on November 17, 2025)

## I.     INTRODUCTION & BACKGROUND

The background of this case is known to the parties and detailed in the Court's November 3, 2025 order. Dkt.

On February 19, 2025, plaintiff SBD Real Estate Four, LLC ("Plaintiff" or "SBD") filed this action against defendants Nomura Dry Cleaners, Inc. ("Nomura Dry Cleaners"), Yoshiharu Nomura ("Nomura"), Kazuko Nomura, Emiko Aoki, Hiroaki Aoki, Myung Sook Carpenter (aka Julie Carpenter), the Estate Of Michael F. Carpenter, Won Ju Lee, Ryang Yim Lee, Chang Soo Ra, Ok Soon Ra, San L. Ra, and Does 1 through 10 (collectively, "Defendants"). Plaintiff's complaint alleges six causes of action against all defendants: (1) cost recovery under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"); (2) declaratory relief under CERCLA; (3) declaratory relief under 28 U.S.C. §§ 2201-2202; (4) continuing nuisance; (5) continuing trespass; and (6) equitable indemnity and contribution. Dkt. 1 ("Compl.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

On November 4, 2025, counsel for defendant Nomura filed the instant motion to dismiss plaintiff's complaint on the basis that Nomura died before plaintiff filed suit. Dkt. 47 ("Mot. to dismiss"). On November 17, 2025, plaintiff filed an opposition. Dkt. 51 ("Opp. to mot. to dismiss"). On November 21, 2025, counsel for Nomura filed a reply. Dkt. 52 ("Reply to mot. to dismiss").

On November 17, 2025, plaintiff filed the instant motion for leave to file a first amended complaint seeking to add the Estate of Nomura as a defendant. Dkt. 50 ("Mot. for leave"). On November 21, 2025, counsel for Nomura filed an opposition. Dkt. 53 ("Opp. to mot. for leave"). On November 26, 2025, plaintiff filed a reply. Dkt. 55 ("Reply to mot. for leave").

On December 15, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.    Motion for Leave to Amend**

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

When leave to amend is requested, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                     'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir.2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), overruled on other grounds, 856 F.3d 605, 616 (9th Cir. 2017) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. Motion to Dismiss

Counsel for defendant Yoshiharu Nomura moves to dismiss all claims by plaintiff against him. Mot. at 2. Nomura's counsel argues that plaintiff's complaint against Nomura is "void" because Nomura passed away on March 27, 2014, before plaintiff filed its complaint against him on March 6, 2025. Id. at 3. Nomura's counsel argues that "[f]ederal courts have consistently held that a deceased person lacks the capacity to be sued, and any action filed against a deceased individual is void ab initio." Id. (citing LN Management, LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943 (2020)).

Nomura's counsel further argues that this Court may not substitute the proper party for Nomura under Fed. R. Civ. P. 25(a)(1) because Nomura was not made a party before his death. Id. at 4-5 (citing LN Mgmt., LLC, 957 F.3d at 954).

Plaintiff does not appear to contest Nomura's counsel's argument that Nomura may not be sued. Instead, plaintiff argues that the Court should grant its motion for leave to file an amended complaint and deny Nomura's motion to dismiss as moot. Opp. to mot. to dismiss at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

Because plaintiff does not oppose Nomura's motion to dismiss and instead seeks leave to amend to add the Estate of Nomura as a defendant, the Court denies Nomura's motion to dismiss as moot.

**B.  Motion for Leave to Amend**

Plaintiff seeks leave to amend its complaint to 1) name the Estate of Nomura as a defendant and 2) limit recovery against the Estate of Nomura to the amounts of coverage afforded by policies of insurance for Nomura.  Mot. for leave at 8-9.  Plaintiff argues that it may do so under Section 550 et seq. of the California Probate Code, which plaintiff argues allows it to file suit against the estate of a decedent without formally joining the insured decedent's estate representative or other successor in interest.  Id.  Plaintiff argues that under the Probate Code, its complaint must merely name "Estate of decedent's name], Deceased" as the defendant, and "notwithstanding California Code of Civil Procedure section 366.2 (requiring all claims against a deceased defendant be brought within one year of death), [Probate Code] actions … against the [deceased] insurer up to limits of coverage … may be commenced within one year after expiration of the otherwise applicable statute of limitations. Cal. Prob. Code §551." Id. at 9.

Plaintiff argues that all of the five Forman factors favor the Court's granting plaintiff leave to amend.  First, plaintiff argues that "there is no evidence that this amendment is being sought in bad faith. It comes on the heels of Plaintiff learning of the death of Y. Nomura, the existence of insurance, and an appearance in this case by Y. Nomura only to seek dismissal on the basis of the fact that he is deceased." Id. at 10.  Second, plaintiff argues that it was not unduly delayed in bringing its motion, which was "filed only to make sure the proper party has appeared in the case."  Plaintiff states that until recently being contacted by Nomura's attorney, "Plaintiffs were operating under the belief that [] Nomura might still be alive." Id. at 11.  Plaintiff states that "[h]aving [now] identified a viable insurance carrier to accept service, Plaintiff[] can now amend [its] Complaint to proceed against the insurance policy alone." Id.  Third, plaintiff argues that its amendment would not be futile because "the proposed First Amended Complaint corrects the very defect [] Nomura has argued as grounds for dismissal by complying with the pleadings and service requirements under California Probate Code sections 550-555." Id.  Fourth, plaintiff argues that it has not amended its complaint before. Id.  Finally, plaintiff argues that there is "no indication that [its] First Amended Complaint will in any way prejudice the Defendants, including [] Nomura … [because the proposed]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

amendment would result in no change in any of the Defendants' positions in this litigation." Id. at 12. Moreover, plaintiff argues that prejudice resulting from delay would be minimal because "very little discovery has been conducted to date." Id.

In opposition, counsel for Nomura argues that Federal Rule of Civil Procedure 25 bars plaintiff from amending its complaint to name the Estate of Nomura as a defendant. Opp. to mot. for leave at 2. Counsel for Nomura argues that because "Defendant [Nomura] died before Complaint was filed, so no substitution [of Nomura for another party, such as the Estate of Nomura,] can occur." Id. at 3. Nomura's counsel argues that "Plaintiff's attempt to distinguish LN Management, LLC v. JPMorgan Chase Bank, M.A., 957 F.3d 943, 951 (2020) on the grounds that it is a Nevada case, and that California has different "machinery", is meritless." Id. Counsel for Nomura appears to argue that because Rule 25 bars plaintiff from filing suit against the Estate of Nomura, plaintiff brought its motion for leave to amend in "bad faith"; moreover, the motion fails the "undue delay" and "futility of amendment" factors of the Forman test for leave to amend. See id.

In reply, plaintiff argues that Rule 25 does not preclude plaintiff from amending its complaint. Reply to mot. for leave at 2. Plaintiff argues that the "cases cited by [] Nomura in his opposition do not help his argument since they (1) focus exclusively on substitution rather than amendment, and (2) address completely different underlying state law than that at issue in the instant case." Id. at 2-3. Plaintiff argues that "LN Management clearly stands for the rule that substitution is not allowed when the deceased died prior to the case being filed and no other statutory authority would otherwise grant the Court jurisdiction over the decedent, the estate, or other successor or representative." Id. at 3 (emphases omitted). Here, however, plaintiff argues that "California statutes allow a case to proceed against a deceased individual without the need to open probate or formally appoint a representative, executor, or other successor in interest." Id. at 5 (emphases omitted). Specifically, plaintiff argues that California Probate Code Section 550 permits it to including add the "Estate of Yoshiharu Nomura, Deceased" as a party and limit recovery against Nomura to applicable insurance policy limits. Id. Thus, plaintiff argues that it has satisfied its burden of demonstrating that the Forman factors favor the Court's granting leave to amend. Id. at 6-7.

The Court discusses each of the Forman factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

1. <u>Undue Delay</u>

"Undue delay is a valid reason for denying leave to amend." <u>Ponsoldt</u>, 939 F.2d at 798 (internal quotation marks and citation omitted). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." <u>Bowles</u>, 198 F.3d at 758. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." <u>Kaplan</u>, 49 F.3d at 1370. "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." <u>Jordan</u>, 669 F.3d at 1324.

The Court does not find that plaintiff has unduly delayed in seeking to amend its complaint because plaintiff asserts that it believed Nomura was still alive "until shortly before being contacted by his attorney [on October 31, 2025], who provided copies of a death certificate." Mot. on 11; dkt. 50-1, Declaration of Matthew R. Pahl ("Pahl Decl.") ¶ 8. Thus, plaintiff's prompt filing of its motion for leave to amend was not unduly delayed.

2. <u>Bad Faith</u>

The Court does not find that plaintiff's motion was brought in bad faith. Plaintiff asserts that it brings its motion to add the Estate of Nomura as a defendant "on the heels of Plaintiff learning of the death of [] Nomura, the existence of insurance, and an appearance in this case by [] Nomura only to seek dismissal on the basis of the fact that he is deceased." Mot. at 10.

3. <u>Prejudice to the Opposing Party</u>

"The crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party. Where no such prejudice is shown, leave to amend should be freely given." <u>Jordan</u>, 669 F.2d at 1324. Absent prejudice, or a strong showing of any of the remaining <u>Foman</u> factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." <u>Eminence Cap., LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). The party opposing amendment bears the burden of showing prejudice. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987). Delay can contribute to a finding of prejudice, for "expense, delay,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

and wear and tear on individuals and companies count toward prejudice." Kaplan, 49 F.3d at 1370 (9th Cir. 1994) (internal quotation marks and citation omitted).

The Court finds that granting plaintiff leave to amend would not meaningfully prejudice any opposing parties in this case, including Estate of Nomura, the party plaintiff proposes to add as a defendant. Prejudice to existing defendants would not result from this addition because plaintiff's amendment would not substantively amend any factual allegations and require changes to parties' litigation postures. Regarding potential prejudice to Nomura's alleged insurer, Fireman's Fund Insurance Company ("Insurance Company"), plaintiff already served the insurance company on October 14, 2025. Dkt. 42. Accordingly, the Insurance Company has been given adequate notice and opportunity to mount a defense.

4. Futility of the Amendment

The Court finds that plaintiff's amendment is not futile. "California Probate Code § 550 allows a party to bring a cause of action against a nominal estate to recover under a decedent's insurance policy. Section 550(a) provides that 'an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest.' Cal. Probate Code § 550(a)." Tajran v. Est. of McDonald, No. 19-CV-1290-BAS-KSC, 2020 WL 256209, at *6 (S.D. Cal. Jan. 17, 2020).

Plaintiff seeks to amend its complaint to name the Estate of Nomura as a defendant to recover under one or more of Nomura's insurance policies that plaintiff alleges covers the damages. Mot. at 6. The Court does not find that it is futile for plaintiff to attempt to do so under Cal. Probate Code § 550.

The Court disagrees with Nomura's counsel that Federal Rule of Civil Procedure 25 precludes plaintiff from filing an amended complaint to name the Estate of Nomura as a defendant under California Probate Code § 550. The Ninth Circuit has noted that "[s]everal of our district courts have … h[eld] that Rule 25 substitutions are unavailable when[, as here,] the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity." LN Mgmt., LLC, 957 F.3d at 954. However, the Ninth Circuit explicitly reserved judgment on the issue. Id. at 955. Even if plaintiff's present motion for leave to amend may be construed as a motion for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                       'O'

| Case No. | 2:25-cv-01395-CAS-RAOx | Date | December 15, 2025 |
|---|---|---|---|
| Title | SBD Real Estate Four, LLC v. Nomura Dry Cleaners, Inc. et al. | | |

substitution under Rule 25, the Court finds that nothing in the text of Rule 25 precludes plaintiff from doing so. Rule 25(a)(1) states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. … If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." By its terms, Rule 25 does not apply to substitutions where the defendant for whom substitution is sought was dead before the commencement of the action, nor does it otherwise preclude substitutions of the decedent with the decedent's estate pursuant to state law, such as California Probate Code § 550. Thus, the Court fails to see why Rule 25 precludes plaintiff from amending its complaint to name the Estate of Nomura as a defendant. See Roberts v. Cnty. of Riverside, No. EDCV191877JGBSHKX, 2021 WL 408138, at *3 (C.D. Cal. Jan. 14, 2021) ("The California Probate Code provides that actions may proceed against the estates of decedents.").

In any event, whether Rule 25 precludes plaintiff from amending its complaint to name the Estate of Nomura as a defendant is better decided on a fully briefed motion to dismiss.

        5.      <u>Whether Plaintiff Has Previously Amended the Complaint</u>

Plaintiff has not previously amended its complaint. Thus, this factor favors granting leave to amend.

All five factors counsel in favor of granting plaintiff's motion for leave to amend; accordingly, the Court finds it appropriate to do so.

**IV.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff leave to amend to file its first amended complaint naming the Estate of Nomura as a defendant pursuant to Cal. Probate Code § 550.

The Court **DENIES** as moot Nomura's counsel's motion to dismiss plaintiff's claims against Nomura.

IT IS SO ORDERED.

|  |  | 00 | : | 08 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |