MATTHEW R. PAHL (State Bar No. 227334)
mpahl@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100; Facsimile: (714) 431-1119

Attorneys for Plaintiff
SBD Real Estate Four, LLC

FILED
CLERK, U.S. DISTRICT COURT

December 15, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY:___CMJ___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SBD REAL ESTATE FOUR, LLC,

Plaintiff,

v.

NOMURA DRY CLEANERS, INC., a California corporation; ESTATE OF YOSHIHARU NOMURA, Deceased; KAZUKO NOMURA, an individual; EMIKO AOKI, an individual; HIROAKI AOKI, an individual; MYUNG SOOK CARPENTER, an individual; ESTATE OF MICHAEL CARPENTER, a deceased individual; WON JU LEE, an individual; RYANG YIM LEE, an individual; CHANG SOO RA, an individual; OK SOON RA, an individual; SAN L. RA, an individual; and Does 2 through 10, inclusive,

Defendants.

Case No.: **2:25-cv-01395**

FIRST AMENDED COMPLAINT FOR:

**1) RECOVERY OF RESPONSE COSTS UNDER CERCLA SECTION 107**

**2) DECLARATORY RELIEF UNDER CERCLA**

**3) DECLARATORY RELIEF UNDER 28 U.S.C. SECTIONS 2201 AND 2202**

**4) CONTINUING NUISANCE**

**5) CONTINUING TRESPASS**

**6) EQUITABLE INDEMNITY AND CONTRIBUTION**

[JURY TRIAL DEMANDED]

COMES NOW, PLAINTIFF SBD REAL ESTATE FOUR, LLC ("Plaintiff" and/or "SBD"), and brings these claims against Defendants NOMURA DRY CLEANERS, INC., ESTATE OF YOSHIHARU NOMURA, KAZUKO NOMURA, EMIKO AOKI, HIROAKI AOKI, MYUNG SOOK CARPENTER (AKA JULIE CARPENTER), THE ESTATE OF MICHAEL F.

1

501.0031 4096540.1

CARPENTER, WON JU LEE, RYANG YIM LEE, CHANG SOO RA, OK SOON RA, SAN L. RA, , and Does 1 through 10, inclusive (collectively, "Defendants"), for injury to certain real property owned by SBD, and other loss and injury, caused by Defendants' environmental contamination of SBD's property.

## PRELIMINARY STATEMENT OF THE ACTION

1.      This action concerns two adjacent pieces of real property: the first, located at 1341 W. Gardena Blvd., Gardena, CA, owned by Plaintiff SBD (the "SBD Property"); and the second, located at 16402 S. Normandie Ave., Gardena, CA (approximately 20 feet north of the SBD property), owned and/or operated by the Defendants, and on which on which a dry cleaning business has been operated by Defendants for approximately the past 50 years (the "Dry Cleaner Property").

2.      As detailed below, most or all of the Defendants operated a dry-cleaning business (the "Dry Cleaning Operations") on the Dry Cleaner Property which caused the release of certain hazardous substances to the soil and/or groundwater, which contamination migrated onto, through, and under the SBD Property, resulting in significant damage and injury to the SBD Property.  Some or all of the Defendants also owned the Dry Cleaner Property at the time of the Dry Cleaning Operations and/or both owned and operated the Dry Cleaner Property at relevant times.  As such, Defendants are "potentially responsible parties" (or "PRPs") under the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA").

3.      Plaintiff thus brings this action pursuant to 42 U.S.C. section 9607 *et seq.*, section 107 *et seq.* of CERCLA, and various other federal and state statutory and common law theories and causes of action, for the recovery of costs incurred and/or to be incurred by Plaintiff in response to the release and/or threatened release of hazardous substances (as defined by CERCLA) by Defendants at and from the Dry Cleaner Property in connection with the Dry Cleaning Operations, as well as other relief as to costs, loss, injury and damage suffered by Plaintiff as the result thereof.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's claims under federal law pursuant to 28 U.S.C. sections 1331 and 1345, and section 113(b) of CERCLA, 42 U.S.C. section 9613(b).

2

FIRST AMENDED COMPLAINT

501.0031 4096540.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

5. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. section 1367, over the subject matter of Plaintiff's other (state law) claims because they arise out of the same occurrences that are the subject matter of Plaintiff's federal claims, and those state law claims are so related to the federal claims in this action that they form the same case and controversy under Article III of the U.S. Constitution.

6. Venue is properly in this judicial district pursuant to 28 U.S.C. section 1391(b) and (c), and section 113(b) of CERCLA, 42 U.S.C. section 9613(b), because the claims arose in this district, *inter alia*, because the Dry Cleaner Property and SBD Property are located within this district and the release of hazardous substances from the Dry Cleaning Operations occurred within this district.

## PARTIES

7. Plaintiff SBD is and at relevant times has been the owner of the SBD Property, with its principal place of business in Covina, California.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant Nomura Drycleaners, Inc. ("NDI"), is a California corporation, formed on or about September 3, 2004, with its principal place of business in Los Angeles County (possibly the city of Gardena), California; that at all relevant times, NDI conducted business in the state of California; that at times during which hazardous substances (as defined by CERCLA) were released at the Dry Cleaner Property, NDI owned and/or operated the Dry Cleaner Property and/or otherwise conducted Dry Cleaning Operations at the Dry Cleaner Property; and, thus, NDI was the owner and/or operator (as those terms are defined under CERCLA) of the Dry Cleaner Property at the time of release of hazardous substances at that property.

9. Plaintiff is informed and believes, and on that basis alleges, that Yoshiharu Nomura is now deceased, and therefore names Defendant Estate of Yoshiharu Nomura, Deceased, in place of that deceased individual in this complaint. In all instances where conduct or liability is ascribed to Yoshiharu Nomura, "Defendants," or a particular Defendant in this complaint, Plaintiff ascribes such liability to Defendant Estate of Yoshiharu Nomura, Deceased, as successor to (and/or in relation to

FIRST AMENDED COMPLAINT

501.0031 4096540.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

the alleged conduct of or ownership of real property by) Yoshiharu Nomura, an individual. Recovery for Plaintiff's claims against the Estate of Yoshiharu Nomura, Deceased shall be limited to the amounts of coverage afforded by policies of insurance for Yoshiharu Nomura.

10. Plaintiff is informed and believes, and on that basis alleges, that Defendants Yoshiharu Nomura (Deceased) and Kazuko Nomura, as joint tenants, acquired the Dry Cleaner Property during the period 1970 to 1972 (possibly by acquisition of two separate parcels in two separate transactions, one in 1970 and one in 1972) and owned the Dry Cleaner Property until approximately 1984; that Yoshiharu Nomura (Deceased) and Kazuko Nomura conducted Dry Cleaning Operations on the Dry Cleaner Property during some or all of the period 1970 to 1984, during which time hazardous substances (as defined by CERCLA) were released at that property; that Yoshiharu Nomura (Deceased) and Kazuko Nomura owned and/or operated the Dry Cleaner Property at times during which hazardous substances (as defined by CERCLA) were released at the Dry Cleaner Property; and, thus, Yoshiharu Nomura (Deceased) and Kazuko Nomura were the owner and/or operator (as those terms are defined under CERCLA) of the Dry Cleaner Property at the time of release of hazardous substances at that property.

11. Plaintiff is informed and believes, and on that basis alleges, that Defendant Emiko Aoki and Hiroaki Aoki (the "Aokis") acquired the Dry Cleaner Property in or about 1984; that the Aokis thereafter conducted Dry Cleaning Operations at the Dry Cleaner Property under the "dba" Nomura Dry Cleaners and otherwise owned and/or operated the Dry Cleaner Property during the period 1984 to approximately 1997, during which time hazardous substances (as defined by CERCLA) were released at that property; thus, the Aokis were the owners and/or operators (as those terms are defined under CERCLA) of the Dry Cleaner Property at the time of release of hazardous substances at that property.

12. Plaintiff is informed and believes, and on that basis alleges, that Michael F. Carpenter is now deceased, and therefore names Defendant Estate of Michael F. Carpenter in place of that deceased individual in this complaint. In all instances where conduct or liability is ascribed to "Defendants" or a Defendant in this complaint, Plaintiff ascribes such liability to Defendant Estate

4

FIRST AMENDED COMPLAINT

of Michael F. Carpenter as successor to (and/or in relation to the alleged conduct of or ownership of real property by) Michael F. Carpenter, an individual.

13.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Myung Sook (aka Julie) Carpenter conducted Dry Cleaning Operations and otherwise "operated" (as that term is defined under CERCLA) the Dry Cleaner Property for the period of approximately 1992 to 1997 (i.e., including at a time when the Dry Cleaner Property may have been owned by the Aokis and/or other Defendants); that Michael F. Carpenter and Defendants Myung Sook Carpenter, Won Ju Lee, and Ryang Yim Lee acquired the Dry Cleaner Property in or about 1997; that Myung Sook Carpenter, Michael F. Carpenter, Won Ju Lee and Ryang Yim Lee thereafter conducted Dry Cleaning Operations at the Dry Cleaner Property under the "dba" Nomura Dry Cleaners and/or otherwise owned and/or operated the Dry Cleaner Property during the period 1997 to approximately 2006, during which time hazardous substances (as defined by CERCLA) were released at that property; and, thus, Myung Sook Carpenter, Michael F. Carpenter, Won Ju Lee and Ryang Yim Lee were the owners and/or operators (as those terms are defined under CERCLA) of the Dry Cleaner Property at the time of release of hazardous substances at that property.

14.    Plaintiff is informed and believes, and on that basis alleges, that decedent Michael F. Carpenter and Defendants NDI, Yoshiharu Nomura and/or Estate of Yoshiharu Nomura, Kazuko Nomura, Emiko Aoki, Myung Sook Carpenter, Won Ju Lee, and Ryang Yim Lee collectively and continuously owned and/or operated the Dry Cleaning Property from approximately 1970 to 2006, under the dba Nomura Dry Cleaners, and conducted Dry Cleaning Operations on the Property during the period from approximately 1970 to at least 2006, and possibly as late as 2012; that each acted as an agent, servant, employee, alter-ego and/or joint venturer of the other, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the Dry Cleaning Operations; that each of above-named party's acts as alleged herein was done with the permission and consent of each or certain of the other above-named parties; that at times relevant hereto, each of the parties named above in this paragraph 13 were the alter egos of one another; and there exists and/or existed at times herein relevant a unity of interest and/or

FIRST AMENDED COMPLAINT

501.0031 4096540.1

ownership between those parties such that any separateness between them ceased to exist for purposes of the allegations set forth herein.

15.    Plaintiff is informed and believes, and on that basis alleges, that Defendants Chang Soo Ra and Ok Soon Ra (possibly aka "Anna Ra") acquired the Dry Cleaner Property in or about 2006; that Defendants Chang Soo Ra, Ok Soon Ra and San L. Ra (the "Ras") have conducted Dry Cleaning Operations at the Dry Cleaner Property (possibly under the "dba" Prime Dry Cleaners) since at least 2012, and possibly as early as 2006, and continuing to the present, during which time hazardous substances (as defined by CERCLA) were released at that property; and, thus, Defendants Chang Soo Ra, Ok Soon Ra and San L. Ra are the present owners and/or operators of the Dry Cleaner Property (as those terms are defined under CERCLA) and/or were the owners and/or operators of the Dry Cleaner Property at the time of release of hazardous substances at that property; and further, that as the current owners and/or operators of the Dry Cleaner Property, the Ras have both the ability to prevent further migration of hazardous substances from the Dry Cleaner Property onto the SBD Property, and to remove or remediate such hazardous substances from the SBD Property, and/or otherwise mitigate the negative effects of such hazardous substances on and to the SBD Property, but have failed and refused to do so despite Plaintiff's written, timely demand and request that they do so.

16.    Plaintiff is informed and believes, and on that basis alleges, that one or more of the Defendants named herein currently operate a dry-cleaning business under the name "Nomura Drycleaners" at 1425 Artesia Blvd., Suite 30, Gardena, CA.

17.    The true names and capacities of all remaining Defendants are unknown to Plaintiff at this time and, thus, are named herein as Does 1 through 10. The true names, capacities and relationships of Does 1 through 10 will be alleged by amendment to this Complaint when such becomes known. Plaintiff is informed and believes, and on that basis alleges, that Does 1 through 10, and each of them, is in some manner responsible for Plaintiff's losses and injuries, as detailed herein, including but not limited to (a) by virtue of their ownership or operation of the Dry Cleaner Property and/or their involvement in the use, storage, handling, transport, or disposal of hazardous

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

6

FIRST AMENDED COMPLAINT

501.0031  4096540.1

substances or wastes, or arrangement of such use, storage, handling, transport or disposal of hazardous substances or wastes, at, on, to or from the Dry Cleaner Property and/or the SBD Property, which caused or contributed to the actual or threatened release of hazardous substances on, to or from the Dry Cleaner Property and/or the SBD Property and/or other injuries to Plaintiff as detailed herein; or (b) because such Defendant(s) (possibly including but not limited to the Aoki Family Revocable Living Trust) received a transfer of money, real property and/or other assets from one of the parties named above in subsection (a) of this paragraph 16 in an attempt by one, more or all of such parties to avoid the liabilities described in this complaint and/or at a time when such transferor had not made sufficient arrangement to satisfy such liabilities, such that any such assets should and must be held in constructive trust for satisfaction of such liabilities.

## ENVIRONMENTAL HISTORY OF THE DRY CLEANER AND SBD PROPERTIES

18. Plaintiff is informed and believes, and on that basis alleges, that the Defendants (or, in the case of Defendants Estate of Yoshiharu Nomura and Estate of Michael F. Carpenter, their respective precedents Yoshiharu Nomura and precedent Michael F. Carpenter) collectively owned and/or operated the Dry Cleaner Property for the purpose of conducting Dry Cleaning Operations from approximately 1980 to present.

19. Plaintiff is informed and believes, and on that basis alleges, that Defendants' use of the Dry Cleaner Property for the purpose of conducting Dry Cleaning Operations involved the use, handling, storage and disposal of the dry cleaning chemical known as tetrachloroethylene (aka "perchloroethylene," "perc," or "PCE"). Among other things, regulatory inspection reports for the period 1985 to 2012 identified the Dry Cleaner Property as a facility that handled, stored and disposed of PCE, and hazardous waste manifests for the period 1983 to 2006 show PCE-related hazardous wastes being generated and managed at the property.

20. Plaintiff is informed and believes, and on that basis alleges, the use, handling and/or storage of PCE and/or PCE-related waste materials at and about the Dry Cleaner Property by Defendants resulted in the release of substantial amounts of PCE and/or PCE-contaminated wastewater (or other waste) to the soil and/or groundwater at and about the Dry Cleaner Property

FIRST AMENDED COMPLAINT

501.0031 4096540.1

(the "Nomura Hazardous Substance Releases").

21.     Plaintiff is informed and believes, and on that basis alleges, that the plume of soil, soil gas, and/or groundwater contamination resulting from the Nomura Hazardous Substance Releases (the "Nomura PCE Plume") has migrated to, through and under the SBD Property, and possibly other properties in the vicinity (including but not limited to the public alley separating the SBD Property and Dry Cleaner Property).

22.     The SBD Property was used for residential purposes from approximately 1929 to 1980, and as a childcare facility from approximately 1980 to 2017 (when it was acquired by Plaintiff).  There is no known present or historical use, handling, storage or release of PCE in connection with the use of the SBD Property.

23.     The California Department of Substances Control ("DTSC") is serving as the environmental regulatory agency overseeing the response to the environmental conditions at both the SBD Property and Dry Cleaner Property concerning the Nomura Hazardous Substance Releases and resulting Nomura PCE Plume.

24.     In or about 2021, a soil vapor investigation was conducted at the SBD Property, which revealed significant concentrations of PCE in soil vapor samples at that property, including some in excess of applicable regulatory screening levels; in that investigation, PCE concentrations generally were found at higher levels in soil gas samples on the north side of the SBD Property (closest to the Dry Cleaner Property) than the southern side of the property.

25.     On or about June 15, 2022, DTSC issued an "Imminent and/or Substantial Endangerment Determination and Order and Remedial Action Order" (the "ISE/RA Order" or the "Order") directed at the Dry Cleaner Property, and naming Defendants Chang Soo Ra and Ok Soon Ra as the Responsible Parties (or "Respondents").

26.     In the ISE/RA Order, DTSC made Findings of Fact that included: (1) that due to the concentrations of PCE found at higher levels along the northern side of the SBD Property (closest to the Dry Cleaner Property) and lower levels found along the southern side of the property, and the former use of PCE at the Dry Cleaner Property, "the PCE detected in soil vapor samples at the SBD

8

FIRST AMENDED COMPLAINT

501.0031 4096540.1

Property indicates it is associated with the dry cleaner Property"; and (2) "the dry cleaner Property is identified as the only possible source of PCE in the vicinity . . . ." In that Order, DTSC also found that "PCE is present in soil vapor and groundwater adjacent to the south of [the Dry Cleaner Property]" and that groundwater flow direction in the area generally is to the south and southeast direction (i.e., from the Dry Cleaner Property toward to the SBD Property). The ISE/RA Order thus requires the Respondents (Defendants Chang Soo Ra and Ok Soon Ra) to develop and implement a plan to investigate and remediate the Nomura Hazardous Substance Releases and Nomura PCE Plume (including appropriate removal or remedial actions).

27.    Plaintiff is informed and believes, and on that basis alleges, that Defendants Chang Soo Ra and Ok Soon Ra thus far have refused and/or otherwise failed to implement a site investigation and remediation plan (including appropriate removal or remedial actions) required by the ISE/RA Order (and that none of the other Defendants have done so).

28.    The Nomura Hazardous Substance Releases and Nomura PCE Plume, and Defendants' failure to respond to those conditions, have directly and significantly interfered with Plaintiff's free use and enjoyment of the SBD Property and imposed significant costs upon SBD, including forcing SBD to incur costs to investigate and mitigate those environmental conditions (and/or other costs relating to such conditions), possibly forcing SBD to comply with yet to be issued directives by DTSC relating to the Nomura PCE Plume, and otherwise interfering with SBD's use and/or redevelopment of its property. Among other things, as a direct result of the Nomura Hazardous Substance Releases and Nomura PCE Plume caused (and/or not remedied) by Defendants, DTSC has required SBD to enter into a "Voluntary Agreement" with DTSC which imposes obligations on SBD concerning the environmental conditions at the SBD Property, including payment of DTSC's oversight costs (SBD has paid over $100,000 to date to DTSC for oversight of the work related to the Voluntary Agreement), and development and implementation of a long-term Operations, Maintenance, and Monitoring Plan for Soil Vapor Intrusion Measures ("OMM Plan") at and concerning the SBD Property. SBD prepared and submitted such OMM Plan to DTSC (which DTSC approved in April 2024). SBD's total costs in preparing and implementing

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

9

FIRST AMENDED COMPLAINT

501.0031  4096540.1

that plan are projected to exceed Three Hundred Fifty Thousand Dollars ($350,000). In addition, because of environmental conditions at and about the SBD Property, SBD incurred significant costs to perform certain remediation, as provided in a Removal Action Workplan (RAW), during construction activity on the SBD Property, in the approximate amount of $250,000 (including construction, environmental consulting fees and the construction delays caused by such work). SBD seeks such and other damages subject to proof at trial, but in an amount in excess of $1 million.

29.    Plaintiff is informed and believes, and on that basis alleges, that since the release of hazardous substances at and from the Dry Cleaner Property commenced, Defendants have transferred funds and/or other assets to successors, heirs or assigns without making adequate provision for satisfaction of liabilities relating to the Nomura PCE Plume; as such, any funds or assets so transferred should be held in constructive trust for satisfaction of such liabilities to Plaintiff.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (COST RECOVERY UNDER SECTION 107 OF CERCLA)

30.    Plaintiff alleges and incorporates by this reference paragraphs 1 through 29 as if fully set forth herein.

31.    The Dry Cleaner Property is a "facility" where a hazardous substance has come to be located within the meaning of section 101(9) of CERCLA, 42 U.S.C. section 9601(9).

32.    There has been a "release" or "threatened release" of hazardous substances by Defendants at or from the Dry Cleaner Property within the meaning of section 101(22) of CERCLA, 42 U.S.C. section 9601(22).

33.    PCE (and possibly other substances released at the Dry Cleaner Property) are "hazardous substances" as defined by section 101(14) of CERCLA, 42 U.S.C. section 9601(14).

34.    Each of the Defendants is a "person" (or successor to such person, including but not limited to the Estate of Yoshiharu Nomura and Estate of Michael F. Carpenter) within the meaning of section 101(21) of CERCLA, 42 U.S.C. section 9601(a).

35.    Each of the Defendants owned and/or operated the Dry Cleaner Property at the time of disposal or release of one or more hazardous substances at the Dry Cleaner Property, within the

FIRST AMENDED COMPLAINT

501.0031  4096540.1

meaning of section 101(22) of CERCLA, 42 U.S.C. section 9601(22), and/or arranged for the disposal of one or more hazardous substances at the Dry Cleaner Property, and/or caused or contributed to the release or threatened release of one or more hazardous substances at the Dry Cleaner Property (or, in the case of the Estate of Yoshiharu Nomura and Estate of Michael F. Carpenter, is the successor to such a party).

36.    Plaintiff has incurred "response costs" in connection with the Nomura Hazardous Substance Releases and/or Nomura PCE Plume, within the meaning of section 101(25) of CERCLA, 42 U.S.C. section 9601(25), including but not limited to the preparation and implementation of the OMM Plan, payment of DTSC oversight costs, and other costs arising from or relating to Plaintiff's Voluntary Agreement with DTSC.

37.    The response costs incurred by Plaintiff were necessary and consistent with the National Contingency Plan ("NCP"), as set forth at 40 C.F.R. Part 300.

38.    Plaintiff is entitled to recover its necessary response costs pursuant to CERCLA section 107, 42 U.S.C. section 9607, including those response costs already incurred and those it may incur in the future.

39.    Each of the Defendants is liable, jointly and severally (as a "potentially responsible party" or "PRP" or as the legal successor to such party), for the response costs incurred or to be incurred by Plaintiff in connection with the Nomura Hazardous Substance Releases and/or the Nomura PCE Plume, pursuant to CERCLA section 107, 42 U.S.C. section 9607.

## SECOND CAUSE OF ACTION

## (DECLARATORY RELIEF UNDER CERCLA)

40.    Plaintiff alleges and incorporates by this reference paragraphs 1 through 39 as if fully set forth herein.

41.    Plaintiff is informed and believes, and on that basis alleges, that it may face the possibility of claims being made against it in the future concerning or arising from the Nomura PCE Plume, including but not limited to potential claims by neighboring property owners concerning the groundwater contamination plume that now underlies this neighborhood.

11

FIRST AMENDED COMPLAINT

501.0031  4096540.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

42.     Plaintiff seeks a declaratory judgment that the Defendants, and each of them, are liable, without regard to fault, to Plaintiff in any subsequent action for future response costs incurred by Plaintiff in connection with the Nomura PCE Plume and/or Nomura Hazardous Substance Releases.  Plaintiff is informed and believes, and on that basis alleges, that Defendants contend otherwise.

43.     Plaintiff is entitled to declaratory judgment on Defendants' liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages, pursuant to CERCLA section 113(g)(2), 42 U.S.C. section 9613(g)(2).

44.     No adequate or speedy remedy exists for Plaintiff in the absence of such a judicial declaration.

45.     Unless the requested declaratory relief is granted, Plaintiff may be forced to commence successive actions against the Defendants to obtain the relief otherwise sought by this declaration, thus requiring a multiplicity of suits and waste of judicial resources.

46.     A judicial determination as requested by Plaintiff thus is necessary and appropriate at this time.

## THIRD CAUSE OF ACTION

### (DECLARATORY RELIEF UNDER 28 U.S.C. SECTIONS 2201 AND 2202)

47.     Plaintiff alleges and incorporates by this reference paragraphs 1 through 46 as if fully set forth herein.

48.     An actual controversy of a justiciable nature has risen, in all of the manners and respects described herein above, including but not limited to the following:

    a.     Plaintiff asserts that the Defendants are liable in whole or in part for response costs and other losses, costs, or damages that have been or will be incurred by Plaintiff; and

    b.     The Defendants have refused to accept responsibility for such losses, costs, or damages and/or for the Nomura PCE Plume, in whole or in part; and

    c.     Defendants deny some or all of the liability described herein above.

49.     A judicial determination of the present and future rights and obligations of the parties

12

FIRST AMENDED COMPLAINT

501.0031  4096540.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

is necessary and appropriate at this time in order that the parties may determine their respective rights and obligations, and Plaintiff requests such a determination be made as authorized by common law, equity, and state and federal law.

## FOURTH CAUSE OF ACTION

### (CONTINUING NUISANCE)

50.	Plaintiff alleges and incorporates by this reference paragraphs 1 through 49 as if fully set forth herein.

51.	The acts and omissions of Defendants (specifically including but not limited to causing, creating, contributing to, and/or not remediating or mitigating the Nomura Hazardous Substances Releases and the resulting Nomura PCE Plume) have caused an unreasonable and substantial interference with Plaintiff's use and enjoyment of the SBD Property during the time that Plaintiff has owned said property.

52.	Plaintiff has incurred damages (and is continuing to incur damages), including but not limited to the costs of investigating and mitigating environmental conditions at the SBD Property, as the result of the acts and omissions of Defendants, including but not limited to Defendants' failure to abate the nuisance they have caused.

53.	The nature, duration, and other elements of the acts and omissions of Defendants (specifically including but not limited to the Nomura Hazardous Substances Releases and the resulting Nomura PCE Plume and failure to remediate, remove, and/or mitigate the effects thereof) were unreasonable, negligent, and/or otherwise careless and/or offensive, and breached Defendants' duties as prescribed by law and, as such, created a nuisance to Plaintiff and the SBD Property.

54.	Plaintiff did not consent to the nuisance.

55.	Plaintiff has notified Defendants of the unreasonable and substantial interference to the SBD Property caused by the Nomura Hazardous Substances Releases and the resulting Nomura PCE Plume and has requested relief therefrom.

56.	Defendants have failed and refused to abate the nuisance.

57.	A new cause of action for the nuisance so created by Defendants accrues each day

13

FIRST AMENDED COMPLAINT

501.0031	4096540.1

that the nuisance remains unabated.

58.     The nuisance can be abated at by reasonable means at reasonable cost, but Defendants have failed to do so.

59.     As such, the interference with Plaintiff's rights and interests constitutes a continuing private nuisance under California law (including but not limited to California Civil Code section 3479).

60.     The severity of the harm being suffered by Plaintiff as a result of the nuisance created by Defendants outweighs any social utility of Defendants' conduct in creating the nuisance.

61.     Plaintiff is entitled to damages as compensation for the costs, damage, and other injury suffered by Plaintiff as the result of the private continuing nuisance created by Defendants.

62.     Plaintiff is informed and believes, and on that basis alleges, that, because the Nomura PCE Plume (caused by the Nomura Hazardous Substance Releases) is continuing to migrate onto, under and through the SBD Property, SBD is entitled to injunctive relief in the form of an order (for both a preliminary and permanent injunction) requiring Defendants to take reasonable measures to prevent further spreading or migration of the Nomura PCE Plume.

63.     Plaintiff also is entitled to injunctive relief in the form of an order (for both a preliminary and permanent injunction) requiring Defendants to otherwise and entirely abate the nuisance, including but not limited to an order that Defendants implement the OMM Plan for the SBD property and otherwise remove, remediate and/or mitigate the contamination of soil and/or groundwater at the SBD Property (and possibly other properties in the area impacted by the Nomura Hazardous Substances Releases and the resulting Nomura PCE Plume, including but not limited to the soil and groundwater underlying public thoroughfares and impacted groundwater owned by the people of the State of California).

## FIFTH CAUSE OF ACTION

## (CONTINUING TRESPASS)

64.     Plaintiff alleges and incorporates by this reference paragraphs 1 through 63 as if fully set forth herein.

14

FIRST AMENDED COMPLAINT

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

501.0031  4096540.1

65.    The acts and omissions of Defendants (specifically including but not limited to causing, creating, contributing to, and not remediating and/or mitigating the Nomura Hazardous Substances Releases and the resulting Nomura PCE Plume) have caused significant physical intrusion onto and injury to the SBD Property during the time that Plaintiff owned said property, which constitutes a trespass under California law.

66.    Plaintiff has incurred damages, including but not limited those detailed above, as the result of trespass created by the acts and omissions of Defendants (specifically including but not limited to the OMM Plan).

67.    The significant physical intrusion onto and injury to the SBD Property is continuing.

68.    A new cause of action for the trespass so created by Defendants accrues each day that the trespass remains unabated.

69.    The significant physical intrusion onto and injury to the SBD Property is capable of being ceased, discontinued, and/or mitigated.

70.    As such, the physical intrusion onto and injury to the SBD Property constitutes a continuing trespass.

71.    Plaintiff has given notice to Defendants of the trespass they have caused, and continue to cause, to the SBD Property.

72.    Defendants have failed and refused to cease, discontinue and/or otherwise mitigate the continuing trespass to the SBD Property.

73.    Plaintiff is entitled to damages as compensation for the costs, damage, and other injury suffered by Plaintiff as the result of the trespass created by Defendants.

74.    Plaintiff is informed and believes, and on that basis alleges, that, because the Nomura PCE Plume (caused by the Nomura Hazardous Substance Releases) is continuing to migrate onto, under and through the SBD Property, SBD is entitled to injunctive relief in the form of an order (for both preliminary and permanent injunction) requiring Nomura and other Defendants to take reasonable measures to cease, remove, and/or abate the trespass at and of the SBD Property (again, specifically including but not limited to implementing the OMM Plan for the SBD Property and

15

FIRST AMENDED COMPLAINT

501.0031  4096540.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

otherwise removing or mitigating the herein described presence of hazardous substances at the SBD Property).

### SIXTH CAUSE OF ACTION

### (EQUITABLE INDEMNITY AND CONTRIBUTION)

75. Plaintiff alleges and incorporates by this reference paragraphs 1 through 74 as if fully set forth herein.

76. Although Plaintiff denies any liability on its own part, to the extent Plaintiff has any present or future liability for any of the contamination underlying the SBD Property or elsewhere, it would be the result of, in whole or in part, the negligent or culpable acts of the Defendants.

77. Defendants' acts or omissions directly caused or contributed to the Nomura PCE Plume (and/or other contamination underlying the SBD Property, Dry Cleaner Property, and other properties in the area).

78. Plaintiff has suffered costs, damages and other injury as a result of Defendants' acts or omissions.

79. Plaintiff is entitled to equitable indemnity and contribution from Defendants on a comparative basis for all damages, response costs, cleanup costs, expenditures, and any other costs or liability incurred or to be incurred as a result of the matters described herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against Defendants, as follows:

1. For a judgment against Defendants, jointly and severally, in favor of Plaintiff, for recovery of all response costs incurred by Plaintiff as the result of the release or threatened release of hazardous substances at or from the Dry Cleaner Property;

2. For a declaratory judgment that Defendants are jointly and severally liable to Plaintiff for all past response costs incurred, or future response costs to be incurred, by Plaintiff as the result of the release or threatened release of hazardous substances at or from the Dry Cleaner Property;

3. For compensatory damages, in an amount to be proven at trial (but expected to

16

FIRST AMENDED COMPLAINT

501.0031  4096540.1

exceed $1 million), for cost, damage and injury suffered by Plaintiff as a result of the nuisance and trespass committed by Defendants;

4.    For equitable indemnity and contribution from Defendants on a comparative basis for all damages, response costs, cleanup costs, expenditures, and any other costs or liability incurred by Plaintiff for the matters described herein;

5.    For injunctive relief in the form of an order (for both a preliminary and permanent injunction) requiring Defendants to take reasonable measures to prevent further spreading or migration of the Nomura PCE Plume and to otherwise and entirely abate the nuisance, including but not limited to an order that Defendants implement the OMM Plan for the SBD property and otherwise remove, remediate and/or mitigate the contamination of soil and/or groundwater at the SBD Property (and possibly other properties in the area impacted by the Nomura Hazardous Substances Releases and the resulting Nomura PCE Plume, including but not limited to the soil and groundwater underlying public thoroughfares and impacted groundwater owned by the people of the State of California).

6.    For a constructive trust to be established as to any funds, property or other assets that any Defendants have transferred to (or received from) any successors, predecessors, heirs or assigns without making adequate provision for satisfaction of the obligations, debts or liabilities set forth herein, and that such funds or assets be held in trust for satisfaction of such liabilities to Plaintiff;

7.    For reasonable attorneys fees and costs, as provided under any applicable law or doctrine;

8.    For pre- and post-judgment interest to the full extent permitted by law; and

9.    For such other damages and such other and further relief as the Court may deem just and proper.

///

///

///

///

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

17

FIRST AMENDED COMPLAINT

501.0031  4096540.1

**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

## JURY DEMAND

Plaintiff demands a trial by jury in this Court for all issues so triable.

Dated: November--, 2025

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

_____

Matthew R. Pahl, Esq.
Attorneys for Plaintiff
SBD Real Estate Four, LLC

18

FIRST AMENDED COMPLAINT

501.0031  4096540.1